CHANCERY.    **Chiles, &c. *vs* Anderson, Campbell, *et al.***

ERROR TO THE MONTGOMERY CIRCUIT.

*Case* 9.                    *Gaming.*

*September* 10.    JUDGE EWING delivered the opinion of the Court.

The case stated. WE are satisfied from the facts deducible from this record, that there was a previous concert and combination between Campbell and Irwin, to seduce Milton Anderson, when intoxicated, or laboring under the effects of intoxication, to play cards with them, with the view and intention of obtaining from him the notes on Stockton & Turly and Buckner & Woodford, deposited the evening before with Campbell, for safe keeping, and that they did consummate their purpose, and by trick and fraud, Campbell, under the pretence of loaning him money to play with, did obtain the two notes in question.

The statute of 1833, authorizes a creditor of a loser at gaming, to pursue in the hands of the winner, *property* or money lost—but not to pursue money or property paid by a loser in discharge of a debt for money or property loaned at the gaming table to be bet. Though the statute of 1833 does not authorize a creditor to subject to the payment of his debt, money or property advanced by the loaner in payment of money in good faith *loaned* at the gambling table, to be bet on the game, but only applies to and authorizes a creditor to pursue, in the hands of the *winner*, property or money *lost;* yet, as we believe in this case, that the notes were looked to, and were in fact obtained by trick, artifice, and fraud, in which Campbell, the pretended lender, participated, and that the money was advanced as the means of accomplishing the ultimate object, the obtention of the notes, we think the notes may be reached by a creditor. If the notes were not in fact won, they were obtained by "two pluck one," and the fraud upon Anderson, by which his means for the payment of his debts were obtained, was a fraud upon his creditors.

Decree reversed and cause remanded, that a decree may be rendered against Stockton & Turly for $25 of the amount of the note held by Campbell; and when paid, to be in satisfaction of so much of the demand of Campbell on them, and in satisfaction of so much of the debt,

interest, and costs of the complainants against Anderson, and the complainants are entitled to their costs in the Court below and in this Court, against Campbell.

*Apperson* for plaintiffs: *Daniel* for defendants.